# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CHARLES GATSON, ) | CASE NO.1:13CR0313 |
| ) | 1:16CV1565 |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| Vs. ) | |
| UNITED STATES OF AMERICA, ) | OPINION AND ORDER |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner's Motion for Relief Under 28 U.S.C. §2255 (ECF #59). Respondent filed a Motion to Dismiss. (ECF #62). Petitioner filed a Response in Opposition to Motion to Dismiss. (ECF#64). Respondent filed a Reply to Gatson's Response in Opposition. (ECF#65). For the following reasons, the Court grants Respondent's Motion to Dismiss and dismisses Petitioner's Petition.

## FACTS

Petitioner pled guilty to Felon in Possession of a Firearm and Felon in Possession of a Firearm with a prior misdemeanor Domestic Violence conviction. On

1

March 10, 2014, the Court sentenced Petitioner to 180 months as an Armed Career Criminal under 18 U.S.C. § 924(e). Petitioner filed a timely Notice of Appeal arguing that his previous Arson conviction and two felony Domestic Violence convictions were not valid Armed Career Criminal Act ("ACCA") predicates. The Sixth Circuit Court of Appeals affirmed the sentence, finding that Petitioner's previous convictions qualified as ACCA predicates.

Petitioner moved for a Petition for Rehearing before the original panel. The Court of Appeals summarily denied the Petition. Petitioner then filed a Petition for Certiorari to the Supreme Court of the United States. On June 16, 2015, the Supreme Court denied Petitioner's Certiorari Petition. On June 21, 2016, Petitioner filed the instant Petition for Relief Under 28 U.S.C. § 2255, asserting that his sentence should be vacated pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## **STANDARD OF REVIEW**

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to prevail upon a §2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the

entire proceeding invalid. '" *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003), quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## **ANALYSIS**

Respondent correctly concludes that the Supreme Court's decision in *Johnson* does not entitle Petitioner to post-conviction relief.  The ACCA has three clauses, each of which describes a type of valid Armed Career Criminal predicate.  The first is the "elements" or  "use of force" clause, which states that a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another" is an ACCA predicate.  18 U.S.C. § 924(e).  The second is the "enumerated felony" clause, which states that a predicate includes generic versions of "burglary, arson, or extortion, or involves use of explosives."  *Id.; United States v. Gatson*, 776 F.3d  410 (6th Cir. 2015).  The third clause, which the Supreme Court invalidated as unconstitutionally vague in *Johnson*, is the residual clause, which included crimes that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e).

Here, The Sixth Circuit held that Petitioner's Arson conviction qualified as an ACCA predicate under the enumerated felony clause.  The Sixth Circuit held that his two felony Domestic Violence convictions qualified as ACCA predicates under the elements clause.  Petitioner argues that his claim is further supported by the Supreme Court's

decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016).  Respondent correctly points out that the Sixth Circuit has re-affirmed the unequivocal holdings in decisions

3

published after both *Johnson* and *Mathis* and neither case provides Petitioner with a basis for relief.

The Court agrees with Respondent. The Sixth Circuit expressly held that Petitioner's two convictions fell under the enumerated felony and use of force clauses of the ACCA. Petitioner is unable to tie the Sixth Circuit's decision in his case to the residual clause struck down in *Johnson* and cannot show any clearly erroneous ruling that results in a manifest injustice. Consideration of a matter previously decided in the case is precluded unless extraordinary circumstances exist. *United States v. Garcia*, 496 F.3d 495 (6th Cir. 2007). Petitioner still qualifies for the ACCA enhancement.

Therefore, for the foregoing reasons Respondent's Motion to Dismiss is granted and Petitioner's Motion to Vacate is dismissed.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

To obtain a COA under 2253(c), a habeas prisoner must make a substantial

4

showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Petitioner has failed to make a substantial showing that he was denied any constitutional right. Therefore, the Court will not issue a certificate of appealability.

IT IS SO ORDERED.

July 10, 2017          s/Christopher A. Boyko
Date          CHRISTOPHER A. BOYKO
         United States District Judge